# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICKY DARNELL BOWIE, JR., #362329 | * | |
|     Plaintiff, | | |
| v. | * | CIVIL ACTION NO. PWG-13-929 |
| OFC. MEYER,[1] | * | |
| OFC. PRIOR, & | | |
| FREDERICK CITY POLICE | * | |
|   DEPARTMENT, | | |
|     Defendants. | * | |

*****

## MEMORANDUM

### I. Background

On March 27, 2013, plaintiff Ricky Darnell Bowie (hereinafter referred to as "Bowie") filed a Fourth Amendment complaint against Frederick County Police Officers Meyer and Prior and the Frederick City Police Department pursuant to 42 U.S.C. § 1983, seeking compensatory damages and disciplinary action against the officers. Bowie claims that he was subject to false arrest, the use of excessive force, and false imprisonment. ECF No. 1.

Defendants have filed a motion to dismiss or, in the alternative, for summary judgment, which shall be construed as a motion for summary judgment, ECF No. 15, along with a Memorandum in Support, ECF No. 15-1. Plaintiff has filed an opposition. ECF No. 17. Defendants have not filed a reply, and the time for doing so has passed. *See* Loc. R. 105.2. The motion may be determined on the pleadings and shall be GRANTED IN PART and DENIED IN PART without a hearing. *See* Loc. R. 105.6.

### II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint if it fails

---

[1] The Clerk shall modify the docket to reflect the correct spelling of the surname of defendant Meyer.

to state a claim upon which relief can be granted. The purpose of the rule is to "test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). To that end, the court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal,* 556 U.S. at 678–79; *see Velencia v. Drezhlo,* No. RDB-12-0237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663.

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank,* No. CCB–12–1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.,* 566 F.3d 150, 154 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Moreover, where the allegations in the complaint conflict with an attached written instrument, "the exhibit prevails." *Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462, 1465 (4th Cir. 1991); *see Azimirad v. HSBC Mortg. Corp.,* No. DKC–10–2853, 2011 WL 1375970, at *2–3 (D. Md. Apr. 12, 2011). However, if the court considers matters outside the pleadings, as

2

the court does here, the court must treat the motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Syncrude Canada Ltd. v. Highland Consulting Grp., Inc.,* 916 F.Supp.2d 620, 622–23 (D. Md. 2013).

Summary judgment is proper when the moving party demonstrates through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro,* 714 F.3d 828, 833–34 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex v. Catrett,* 477 U.S. 317 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251 (1986). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.*

### III. Discussion

#### A. Facts

In his unverified complaint, plaintiff states that, while riding his bicycle on February 2, 2013, he was approached by a Frederick County police officer. He claims that later that afternoon, when given a ride in a car by an "old school friend," that same police officer followed them in his patrol car and conducted an automobile stop. He seemingly complains that he was arrested without probable cause, handcuffed and subjected to a continuous assault by the two defendants when he was slammed to the pavement, elbowed several times, held down by the

neck, and kneed to the left ribs and lower back. He acknowledges verbally arguing with the officers, but claims that he was cuffed from behind at all times. Plaintiff asserts that his legs were "tied up," he was dragged to the back of the car, thrown into a patrol car, and taken to the Frederick County Detention Center. He complains that his wrists were bleeding from tight handcuffs and he suffered scratches and bruises from the incident. ECF No. 1.

In their supporting memorandum, defendants affirm that on the date in question plaintiff was charged with resisting arrest, second-degree assault of a police officer, and possession of a controlled dangerous substance (marijuana). Defs.' Mem. Exs. A-1 & A-2. Plaintiff pled guilty to resisting arrest and the remaining counts were nolle prossed.[2] *Id*. Ex. A-1.

**B. Legal Analysis**

Defendants first claim that a § 1983 cause of action may not proceed against the Frederick City Police Department under a respondeat superior theory. At no point in the complaint does Plaintiff reference what illegal action was taken by the named defendant Frederick City Police Department ("Department"). He presumably seeks to hold the Department liable for the alleged actions of defendants Meyer and Prior. To establish municipal liability on the part of the Department, Plaintiff must show that his harm was caused by a constitutional violation and, if so, that the municipality was responsible for that violation. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992). A municipality is responsible only when the execution of government's "policy or custom" inflicts injury. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *see also Spell v. McDaniel*, 824 F.2d 1380, 1385 (4th Cir. 1987). A municipality cannot be held liable under § 1983 on a respondeat superior theory solely because it employs an alleged tortfeasor. *Monell*, 436 U.S. at 691; *Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 34 (4th Cir. 1985). In light of these legal principles, the complaint against

---
[2] Defendants do not provide a copy of the plea statement or plea transcript in Plaintiff's criminal case.

4

the Department shall be dismissed.

Defendants also argue that Plaintiff's claims for illegal arrest and excessive force are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because he was convicted of resisting arrest. In *Heck*, the Supreme Court held that when a successful civil rights action necessarily implies the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486–87. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close,* 540 U.S. 749, 751 (2004) (per curiam). Courts have extended *Heck* to claims seeking declaratory or injunctive relief as well as damages under § 1983. *See Edwards v. Balisok,* 520 U.S. 641, 648, (1997); *Clarke v. Stalder,* 154 F.3d 186, 190–91 (5th Cir. 1998).

Plaintiff's opposition does not address Defendants' arguments.[3] In effect, he does not and cannot dispute the fact that he pleaded guilty to resisting arrest. Nothing in the record suggests that his conviction has been overturned, expunged, or called into question in state court or as result of a successful federal writ of habeas corpus.

Plaintiff's false arrest and false imprisonment claims turn on whether Defendants had probable cause to arrest him. *See Gumble v. Waterford Township,* 171 F. App'x. 502, 507 (6th Cir. 2006) (citing *Mark v. Furay,* 769 F.2d 1266, 1269 (7th Cir. 1985)). This court could not

---

[3] Plaintiff's opposition reads, in its entirety: "To whom it may concern: I am responding to your letter concerning of this case, I am not dismissing this case cause of certain reasons that was harming me []as a citizen." ECF No. 17.

sustain these causes of action without finding that Defendants lacked probable cause. Such a finding, however, would implicitly invalidate Plaintiff's state-court conviction, which could not stand without probable cause. Accordingly, Plaintiff's claims of false arrest and false imprisonment under § 1983 trigger *Heck*. *See Wolfe v. Perry,* 412 F.3d 707, 714–15 (6th Cir. 2005). I will dismiss these claims without prejudice as these claims are barred by *Heck.*

What remains for review are Plaintiff's excessive force claim and defendants' reliance on *Heck* to dismiss the claim. "[T]he *Heck* determination depends on the nature of the offense and of the claim." *Arnold v. Slaughter,* 100 F. App'x 321, 323 (5th Cir. June 14, 2004). In this case, it is undisputed that Plaintiff was arrested and charged with resisting arrest and other offenses. Plaintiff asserts that Defendants assaulted him without any provocation after he was handcuffed, and Defendants now have moved for summary judgment, alleging *Heck* as a basis for dismissal.

The *Heck* analysis requires close factual examination of the underlying conviction. *See Heck,* 512 U.S. at 487 n.7 (observing that suits for unreasonable searches may go forward if the underlying conviction is otherwise saved by such doctrines as independent source, inevitable discovery, and harmless error); *Ballenger v. Owens,* 352 F.3d 842, 846–47 (4th Cir. 2003) (conducting fact-intensive inquiry to determine whether evidence from subsequently-challenged search was "uniquely available from the alleged illegal search" or was otherwise admissible or cumulative); *Willingham v. Loughnan,* 261 F.3d 1178, 1183 (11th Cir. 2001), *cert. granted, judgment vacated on other grounds,* 537 U.S. 801 (2002) (examining criminal trial transcript to determine if underlying conviction, based on general verdict, would be called into question by successful § 1983 suit).

The record here is insufficient. Without knowing the factual basis for plaintiff's plea, the court cannot determine whether his claim of excessive force necessarily would imply the invalidity of his earlier conviction for resisting arrest.

In *Reddick v. Lott*, 202 F. App'x 615 (4th Cir. 2006), the Fourth Circuit focused on the timing of the alleged use of force by law enforcement and the criminal defendant's resistance:

> It is not clear from plaintiff's self-represented complaint whether the officer's alleged assaultive behavior preceded, coincided with, or followed plaintiff's resistance. If the officer's alleged assault caused Riddick to engage in the conduct that undergirds his conviction, then a successful § 1983 suit would necessarily imply invalidity of that conviction, since a person cannot be found guilty of resisting arrest if he is simply protecting himself, reasonably, against an officer's unprovoked attack or use of excessive force. If, however, there is no legal nexus between the officer's alleged assault and plaintiff's resistance; that is, the alleged assaultive behavior occurred, independently, either before plaintiff resisted arrest, or after his resistance had clearly ceased, then a successful § 1983 suit for excessive force would not imply invalidity of the conviction. *See Smith v. City of Hemet,* 394 F.3d 689, 697-99 (9th Cir. 2005) (en banc) ("[A] § 1983 action is not barred by *Heck* unless the alleged excessive force occurred *at the time* the offense [of resisting arrest] was being committed.... [If the officers'] alleged acts of excessive force...occurred *before* or *after* Smith committed the acts to which he pled, [they] would not invalidate his conviction [for resisting arrest arrest].") (citation omitted). In analogous cases, courts have ruled that *Heck* does not bar § 1983 actions alleging excessive force despite a plaintiff's conviction for resisting arrest because a "state court's finding that [a plaintiff] resisted a lawful arrest ... may coexist with a finding that the police officers used excessive force to subdue [the plaintiff]." *Martinez v. City of Albuquerque,* 184 F.3d 1123, 1127 (10th Cir. 1999); *accord Nelson v. Jashurek,* 109 F.3d 142, 145–46 (3d Cir. 1997); *Wells v. Bonner,* 45 F.3d 90, 95 (5th Cir.1995). In a similar vein, Riddick's conviction may coexist with a finding that the officer's alleged attack was unprovoked and occurred independently of Riddick's own resistance.

*Riddick*, 202 F. App'x at 616–17.

Because the timing of the events is unclear, a further response from Defendants Meyer and Prior is required to enable me to evaluate Plaintiff's excessive force claims. Defendants' motion, insofar as it seeks dismissal of Plaintiff's excessive force claim, shall be denied.

7

Defendants' motion otherwise shall be granted, and a separate Order shall be entered reflecting the rulings entered in this decision.

Date: <u>March 10, 2014</u>                                        <u>        /S/                        </u>
                                                                                     Paul W. Grimm
                                                                                     United States District Judge