IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICKY DARNELL BOWIE, JR., #362329 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. PWG-13-929 |
| OFC. MEYER | * | |
| OFC. PRIOR | | |
| Defendants. | * | |
| | ***** | |

## MEMORANDUM

### I. Background

On March 27, 2013, Plaintiff Ricky Darnell Bowie filed a Fourth Amendment complaint against Frederick County Police Officers Meyer and Prior and the Frederick City Police Department pursuant to 42 U.S.C. § 1983, seeking compensatory damages and disciplinary action against the officers. Bowie claimed that he was subject to false arrest, the use of excessive force, and false imprisonment. Compl., ECF No. 1.

Counsel for defendants filed a motion to dismiss or, in the alternative, for summary judgment, construed as a motion for summary judgment, and Plaintiff filed an opposition. ECF Nos. 15 & 17. On March 10, 2014, defendants' motion was granted in part and denied in part. Plaintiff's false arrest and false imprisonment claims were dismissed without prejudice and his excessive force claim was allowed to proceed. The complaint against defendant Frederick City Police Department was dismissed and defendants Meyer and Prior were granted additional time to file a further response to the excessive force claim. ECF Nos. 18 & 19.

Defendants answered the complaint and Plaintiff was given additional time to file a motion for appointment of counsel. ECF No. 21. He did not so do. On July 2, 2014, defendants Meyers

and Prior filed a motion for summary judgment, which remains unopposed.[1] ECF No. 22. The motion may be determined on the pleadings and shall be granted without oral hearing. *See* Local Rule 105.6 (D. Md. 2014).

## II. Standard of Review

Summary judgment is proper when the moving party demonstrates through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro,* 714 F.3d 828, 833-34 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex v. Catrett,* 477 U.S. 317 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251 (1986).

The "judge's function" in reviewing a motion for summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. If "the evidence is such that a reasonable jury could return a verdict" for the non-moving party, there is a dispute of material fact that precludes summary judgment. *Id.* at 248. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence

---

[1] The record shows that Plaintiff was served with notice of the dispositive motion filing pursuant to the requirements of *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975). ECF No. 23.

showing that there is a genuine issue for trial. *Id.* at 256.

### III. Discussion

**Facts**

The facts set out in Plaintiff's unverified complaint were summarized in this Court's March 10, 2014 Memorandum and bear repeating. Plaintiff states that on February 2, 2013, he was approached by a Frederick County police officer while riding his bicycle. He claims that later that afternoon, when he was given an automobile ride by an "old school friend," that same police officer followed them in his patrol car and conducted an automobile stop. He complains that he was arrested without probable cause, handcuffed and subjected to a continuous assault by the two defendants, in which he was slammed to the pavement, elbowed several times, held down by the neck, and kneed to the left ribs and lower back. Plaintiff acknowledges verbally arguing with the officers, but claims that he was cuffed from behind at all times. He asserts that his legs were "tied up," he was dragged to the back of the car, thrown into a patrol car, and taken to the Frederick County Detention Center. Plaintiff complains that his wrists were bleeding from tight handcuffs and he suffered scratches and bruises from the incident. Compl.

Defendants previously affirmed that on the date in question Plaintiff was charged with resisting arrest, second-degree assault of a police officer, and possession of a controlled dangerous substance (marijuana). Defs.' Mem. in Support of 1st Mot. Exs. A-1 & A-2, ECF Nos. 15-3 & 15-4.

There is no dispute that Plaintiff pled guilty to resisting arrest and the remaining counts were nolle prossed. *Id.* Ex. A-1.

**Legal Analysis**

In their original dispositive motion defendants relied on *Heck v. Humphrey*, 512 U.S. 477

3

(1994) to dismiss Plaintiff's excessive force claim. I noted that the "*Heck* analysis requires close factual examination of the underlying conviction" and there was insufficient information in the record to determine whether Plaintiff's "claim of excessive force necessarily would imply the invalidity of his earlier conviction for resisting arrest." Mar. 10, 2014 Mem. 6-7.

In their unopposed motion for summary judgment, defendants Meyer and Prior again claim that Plaintiff's excessive force claim is barred under *Heck*. They submit the February 2, 2013 Statement of Probable Cause provided by Officer Meyer related to Plaintiff's resisting arrest charge which states, in part, that:

> I then asked Bowie to step out of the vehicle. As Bowie stepped out of the vehicle I told him to put his hands behind his back and advised him that I had observed him driving and his privilege was suspended and revoked and he was being arrested for driving. At this Bowie began to actively resist trying to pull his arms away from me and attempting to turn around and face me. OFC Prior arrived on scene and assisted in controlling Bowie as he continued to actively resist. Prior and I guided Bowie to the ground as OFC Gunder arrived on the scene. Bowie continued to resist by keeping his hands away from us and not complying with demands to put his hands behind his back. Bowie was eventually handcuffed and I began to search his person incident to arrest. In Bowie's pants pocket I found a prescription bottle for Oxycodone made out to Bowie. Inside the bottle I found a cellophane package with what I recognized through my training and experience as burnt suspected marijuana cigarettes. Bowie was then stood up to be further searched incident to arrest before being placed in a vehicle. As Bowie stood up he began to kick at Prior and struck Prior. We then guided Bowie back to the ground where he continued to kick and struck Prior again before Hobble straps were eventually used to control Bowie's legs. I then finished searching Bowie and Bowie was transported to Central Booking by Gunder.

Defs.' Mem. in Support of 2nd Mot. Ex. A2, ECF No. 22-4.

Next, Prior and Meyer affirm through their Affidavits that neither officer initiated a physical altercation with Plaintiff. They maintain that when they attempted to place him under arrest and in handcuffs he became violent and attempted to get away by attacking both officers with his arms and

4

legs. They claim that it was only at that juncture that they were required to use force to place Plaintiff in handcuffs. Meyer & Prior Affs., Defs.' Mem. in Support of 2nd Mot. Exs. B & C, ECF Nos. 22-2 & 22-5. Meyer and Prior maintain that once Plaintiff was handcuffed and his legs placed in restraints, he was placed in the police car and safely detained. No additional force was used on Plaintiff. *Id.*

Plaintiff has been called upon to rebut defendants' exhibits and has not done so. Based upon the unopposed exhibits, I find that Plaintiff's claim of excessive force implies the invalidity of his resisting arrest conviction and is thus barred by *Heck*. As noted in *Riddick v. Lott*, 202 F. App'x. 615, 616-17 (4th Cir. 2006):

> If the officer's alleged [assault] caused Riddick to engage in the conduct that undergirds his conviction, then a successful § 1983 suit would necessarily imply invalidity of that conviction, since a person cannot be found guilty of resisting arrest if he is simply protecting himself, reasonably, against an officer's unprovoked attack or use of excessive force. *See State v. Williams*, 367 S.C. 192, 624 S.E.2d 443, 445–46 (S.C. App. 2005). If, however, there is no legal nexus between the officer's alleged assault and plaintiff's resistance; that is, the alleged assaultive behavior occurred, independently, either before plaintiff resisted arrest, or after his resistance had clearly ceased, then a successful § 1983 suit for excessive force would not imply invalidity of the conviction. *See Smith v. City of Hemet*, 394 F.3d 689, 697-99 (9th Cir. 2005) (en banc) ("[A] § 1983 action is not barred by *Heck* unless the alleged excessive force occurred *at the time* the offense [of resisting arrest] was being committed.... [If the officers'] alleged acts of excessive force...occurred *before* or *after* Smith committed the acts to which he pled, [they] would not invalidate his conviction [for resisting arrest arrest]." ) (citation omitted).

Where, as here, defendants' uncontroverted declarations show that their alleged unconstitutional behavior followed Plaintiff's resistance to their attempt to place him under arrest, the claim of excessive force would necessarily imply the invalidity of his resisting arrest conviction. The statement of probable cause and unopposed affidavits show that the alleged use of force did not occur independently of Plaintiff's own resistance.

5

## IV. CONCLUSION

Defendants' motion, insofar as it seeks dismissal of Plaintiff's excessive force claim, shall be granted. A separate Order shall be entered reflecting the ruling entered in this decision.

Date: 02/6/15

Paul W. Grimm
United States District Judge